■ In the Matter of Tyrik H., a Person Alleged to be a Juvenile Delinquent, Appellant. [616 NYS2d 240] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Lubow, J.), dated May 19, 1992, which, upon a fact-finding order of the same court, dated March 18, 1992, made after a hearing, finding that the appellant had committed an act which, if committed by an adult, would have constituted the crimes of sexual abuse in the first degree (8 counts), unlawful imprisonment in the first degree, and menacing, adjudged him to be a juvenile delinquent and placed

him on probation for a period of 12 months. The appeal brings up for review the fact-finding order dated March 18, 1992.

Ordered that the order is affirmed, without costs or disbursements.

Viewing the evidence in the light most favorable to the presentment agency *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The complainant's hearing testimony was generally logical and consistent. It was sufficient to establish that appellant committed acts which constituted the elements of sexual abuse in the first degree *(see,* Penal Law § 130.65 [1], [3]), together with acts which constituted the elements of unlawful imprisonment in the first degree *(see,* Penal Law § 135.10) and menancing *(see,* Penal Law § 120.15).

Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the fact-finder, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88).

We see no basis in the record to disturb the Family Court's determination that the complainant's testimony was credible. Moreover, upon the exercise of our factual review power, we are satisfied that the finding of guilt was not against the weight of the credible evidence *(see,* CPL 470.15 [5]).

We have considered the appellant's remaining contention and find it to be without merit. Thompson, J. P., Balletta, O'Brien and Florio, JJ., concur.